**HOME MUTUAL INSURANCE CO., Appellant,**

v.

**James DEAN, individually and d.b.a. Dean's Tavern, Respondent.**

**No. C7-85-161.**

Court of Appeals of Minnesota.

May 14, 1985.

Jeffrey M. Baill, John R. Hanlon, Wasserman & Baill, Minneapolis, for appellant.

Eric J. Magnuson, Jeanne H. Unger, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

### SUMMARY OPINION

PARKER, Presiding Judge.

### FACTS

In April 1982 Thomas Wilebski was injured in an automobile accident. At the time he was a passenger in a truck driven by Scott Gertjejansen. Gertjejanson's blood alcohol level two hours after the accident was .19 percent, and he was charged with DWI.

Home Mutual insured Wilebski's car and paid about $9,200 in medical expenses and $7,300 in income loss benefits. Wilebski has brought no civil action against Gertjejanson or against Dean's Tavern, the bar where they drank for about two hours before the accident.

In August 1983 Home Mutual brought a dram shop action, *see* Minn.Stat. § 340.95, against Dean's Tavern to recover the amounts paid to Wilebski in basic economic loss benefits. The trial court granted summary judgment for Dean's Tavern, and Home Mutual appeals. We affirm.

## DISCUSSION

Home Mutual contends it may bring a dram shop action to recover no-fault benefits paid to its insured, even though the insured has asserted no claim for damages. Home Mutual's subrogation rights are governed by statute:

A reparation obligor paying or obligated to pay basic economic loss benefits is subrogated to a claim based on an intentional tort, strict or statutory liability, or negligence other than negligence in the maintenance, use, or operation of a motor vehicle. *This right of subrogation exists only to the extent that basic economic loss benefits are paid or payable and only to the extent that recovery on the claim absent subrogation would produce a duplication of benefits or reimbursement of the same loss.*

Minn.Stat. § 65B.53, subd. 3 (1984) (emphasis added). The statute limits Home Mutual's subrogation right to cases of duplicative recovery. There is no present danger of duplicative recovery here because Wilebski has not sued Dean's Tavern.[1]

Home Mutual argues that because insureds have "no incentive" to litigate dram shop actions when basic economic loss benefits are paid, this construction of the statute "will frequently result in the burden of compensating the insured for his injuries being borne not by the tort-feasor, but by the reparation obligor." This result is the very intent of the No-Fault Act. The insurer has received a premium to cover the risk of paying no-fault benefits; subrogation rights are allowed only to prevent the insured from receiving a windfall or when

subrogation would not disrupt the no-fault system. For example, the statutory scheme allows subrogation on *any* negligence claim against a person in another state, *see id.* § 65B.53, subd. 2; in Minnesota, however, there is no subrogation right on claims of negligence in the maintenance, use, or operation of a motor vehicle, *see id.* § 65B.53, subd. 3. Thus, the no-fault system allows subrogation within the state on a more restricted basis in order to promote the system's goals of ensuring that benefits are promptly paid without regard to fault and easing the burden of litigation. *See* Minn.Stat. § 65B.42. To accept appellant's argument that it is entitled to subrogation before the insured has obtained any recovery is to reinsert the fault concept into a no-fault system.

Furthermore, the act provides:

No reparation obligor shall include in its contract any provision which would require a person to commence a negligence action as a condition precedent to the payment of basic economic loss benefits or which permits the reparation obligor to determine whether such an action will be commenced. No reparation obligor shall contract for a right of reimbursement or subrogation greater than or in addition to those permitted by this chapter.

Minn.Stat. § 65B.53, subd. 6. This provision leaves the decision to bring suit solely in the hands of the insured.

## DECISION

The trial court correctly granted summary judgment for the respondent because appellant has no subrogation right to recover from a tortfeasor before the insured has recovered any damages.

Affirmed.

---

1. In *Milbrandt v. American Legion Post of Mora,* 354 N.W.2d 499 (Minn.Ct.App.1984), *petition for rev. granted,* 361 N.W.2d 37 (Minn.1985), this court affirmed summary judgment against an insurer that had brought a direct subrogation action against a bar to recover basic economic loss benefits paid to the insured, on the ground that such action was unambiguously proscribed by Minn.Stat. § 65B.53, subd. 3. We footnote this case without affording precedential effect.